LATHAM & WATKINS LLP
Elizabeth L. Deeley (CA Bar No. 230798)
 elizabeth.deeley@lw.com
Whitney B. Weber (CA Bar No. 281160)
 whitney.weber@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600

Michele D. Johnson (CA Bar No. 198298)
 michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: +1.714.755.8113

*Attorneys for X Corp., successor in interest to named defendant Twitter, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Henry Yeh, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC.,<br><br>Defendant. | Case No. 3:23-cv-01790<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>**DEMAND FOR JURY TRIAL**<br><br>*From the Superior Court of the State of California, County of San Francisco, Case No. CGC-23-605100* |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TWITTER, INC.'S
NOTICE OF REMOVAL
CASE NO. 3:23-cv-01790

**TO THE CLERK OF COURT, PLAINTIFF, AND COUNSEL OF RECORD:**

1. **PLEASE TAKE NOTICE** that Defendant X Corp., successor in interest to named defendant Twitter, Inc. ("Twitter"), through undersigned counsel, hereby removes the above-captioned action—with reservation of all defenses and rights—from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California, pursuant to the Class Action Fairness Act ("CAFA") and 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

2. For the sole and limited purpose of establishing the basis of this Court's jurisdiction over this action, Twitter assumes the truth of Plaintiff's allegations.

3. Twitter operates an online communication service through its website, www.twitter.com, and through text messaging and mobile applications. The service allows registered users to communicate with one another by posting "tweets," or short messages currently limited to 280 characters or less, with which other users may interact through a "like," reply, or "retweet."

## I.    PROCEDURAL AND FACTUAL BACKGROUND

4. On or about March 10, 2023, Plaintiff Henry Yeh ("Plaintiff") filed a Class Action Complaint ("Complaint") in the Superior Court of the State of California, County of San Francisco, captioned *Henry Yeh v. Twitter, Inc.*, Case No. CGC-23-605100. A copy of the Complaint is attached hereto as **Exhibit A**.

5. On March 24, 2023, Plaintiff served the Complaint and Summons on Twitter. The Complaint asserts claims against Twitter for breach of contract, breach of implied contract, violations of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. § 17200, *et seq.*, and unjust enrichment. Ex. A ("Compl.") ¶¶ 111-50.

6. Plaintiff's claims arise out of allegations that Twitter used email addresses and/or phone numbers provided by account holders in connection with security features for advertising purposes. *Id.* ¶ 3. Plaintiff alleges that Twitter misrepresented its collection and use of this contact information. *Id.* ¶¶ 3-5.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

TWITTER, INC.'S
NOTICE OF REMOVAL
CASE NO. 3:23-cv-01790

7. Plaintiff purports to bring this action on behalf of himself and a nationwide class of "[a]ll individuals in the United States who between May 2013 and September 2019 provided his or her telephone number(s) and/or email address(es) ('Personal Identification') to Twitter for purposes of two-factor authentication, account recovery, and/or account re-authentication." *Id.* ¶ 99.

8. Plaintiff filed his Complaint in state court *after* his counsel filed a materially identical class action complaint in the Northern District of California. *See Price v. Twitter, Inc.*, No. 3:22-cv-03173-SK (N.D. Cal. May 31, 2022), Dkt. 1 ("*Price* Action"); *see also* Exhibit D (Plaintiff's Notice of Related Case). In the *Price* Action, Judge Kim dismissed the original complaint on Article III standing grounds and also recognized that the original complaint had "additional deficiencies," but she granted leave to file an amended complaint. *See Price*, Dkt. 50. That amended complaint alleges substantially the same claims and purports to represent the same putative class as the above-captioned action. *Id.*, Dkt. 56. Plaintiffs in the *Price* Action have argued that their amendments "rectify" the grounds for dismissal identified by the Court, including specifically arguing that they have Article III standing to litigate their claims. *Id.*, Dkt. 63 at 1-9. Twitter has filed a motion to dismiss, *id.*, Dkt. 59, which remains pending.

## II.   THIS COURT HAS JURISDICTION PURSUANT TO CAFA

9. This case is removable, and this Court has jurisdiction over this action pursuant to CAFA and 28 U.S.C. §§ 1332(d), 1441, and 1453, because (1) this case is a putative class action with more than 100 members in the proposed class; (2) there is minimal diversity, since at least one member of the proposed nationwide class and Twitter are citizens of different states; and (3) the Complaint places in controversy an amount that exceeds $5 million in the aggregate, considering all damages and equitable relief sought on behalf of Plaintiff and the proposed class, exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6).

10. A notice of removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) (same). Twitter must provide only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]"

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TWITTER, INC.'S
NOTICE OF REMOVAL
CASE NO. 3:23-cv-01790

that the jurisdictional requirements of CAFA are satisfied, *Dart Cherokee*, 574 U.S. at 89. Thus, while Twitter denies any and all liability as to Plaintiff's claims and denies that this matter should proceed at all, let alone as a class action, each of the jurisdictional requirements of CAFA is satisfied here.

### A. This Is A Putative Class Action In Which The Proposed Class Readily Exceeds 100 Members

11. A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

12. This lawsuit meets that definition. Plaintiff sues "on behalf of himself" and "a nationwide class," pursuant to California Code of Civil Procedure § 382 and "with guidance from" Federal Rule of Civil Procedure 23. Compl. ¶¶ 99-110; *see also id.* at 2; Cal. Code Civ. Proc. § 382 ("[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all.").

13. For removal purposes, CAFA requires that the proposed class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B).

14. The Complaint defines the putative class as "[a]ll individuals in the United States who between May 2013 and September 2019 provided his or her telephone number(s) and/or email address(es) ('Personal Identification') to Twitter for purposes of two-factor authentication, account recovery, and/or account re-authentication," Compl. ¶ 99, and asserts that the class "consists of millions of individuals." *Id.* ¶ 104 (alleging that two million users provided telephone numbers for two-factor authentication, that 37 million users provided contact information for account recovery, and that 104 million users provided contact information for re-authentication). Accordingly, 28 U.S.C. § 1332(d)(5)(B) is satisfied.

### B. There Is Minimal Diversity Among The Parties

15. To establish federal jurisdiction, a defendant must show only that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "CAFA was intended to strongly favor federal jurisdiction over interstate class actions." *King v.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

TWITTER, INC.'S
NOTICE OF REMOVAL
CASE NO. 3:23-cv-01790

*Great Am. Chicken Corp., Inc.*, 903 F.3d 875, 878 (9th Cir. 2018). Removal therefore is proper when even one proposed class member is a citizen of a state different from a defendant's state of citizenship. *See id.* at 877; *see also Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.").

16. At the time of the filing of Plaintiff's Complaint, Twitter was a Delaware corporation with its principal place of business in California. Compl. ¶ 11.[1] Twitter is therefore a citizen of Delaware and California for purposes of diversity jurisdiction in this action. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (quoting 28 U.S.C. § 1332(c)(1))); *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 575 (2004) (holding that citizenship for purposes of diversity jurisdiction is assessed at the time of the filing of the complaint); *Sanchez v. Ameriflight, LLC*, 724 F. App'x 524, 526 (9th Cir. 2018) (confirming that time-of-filing rule applies to citizenship determination for CAFA).

17. According to the Complaint, Plaintiff Yeh is domiciled in California, and thus a citizen of California for purposes of diversity jurisdiction. Compl. ¶ 8.

18. According to the Complaint, the proposed class is composed of "all individuals residing in the United States." Compl. ¶ 99. Twitter is informed and believes, and on that basis alleges, that at least one member of the purported class is a citizen of a state other than Delaware or California. *See Ehrman v. Cox Comms., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("A party's allegation of minimal diversity may be based on 'information and belief'" and "need not contain evidentiary submissions." (citations omitted)); *see also Rosas v. Carnegie Mortg., LLC*, No. CV 11-7692 CAS, 2012 WL 1865480, at *5 (C.D. Cal. May 21, 2012) (where plaintiff alleges a nationwide class, "minimal diversity necessarily exists").

---

[1] On March 15, 2023, Twitter, Inc., a Delaware corporation, merged into X Corp., a Nevada corporation.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

TWITTER, INC.'S
NOTICE OF REMOVAL
CASE NO. 3:23-cv-01790

19. Diversity of citizenship thus exists between Twitter and at least one other member of the proposed class. Removal is therefore proper. *See* 28 U.S.C. § 1332(d)(2)(A).

### C. The Amount In Controversy Exceeds $5 Million

20. As an initial matter, Twitter denies that Plaintiff or members of the putative class are entitled to the damages that Plaintiff seeks here. Plaintiff's allegations are entirely without merit, and class treatment is not appropriate in this case. For purposes of this Notice of Removal, however, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and thus satisfies the amount-in-controversy jurisdictional requirement of CAFA. *See* 28 U.S.C. § 1332(d)(2).

21. CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). The amount in controversy is first determined by reviewing the allegations of the operative complaint. *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."). Where a complaint does not state a dollar amount, a defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 81.

22. Plaintiff seeks, among other things, (i) "compensatory damages, including statutory damages where available"; (ii) "nominal damages"; and (iii) "non-restitutionary disgorgement of all of Defendant's profits"; (iv) disgorgement of "revenues and profits wrongfully obtained"; (v) "an order enjoining Defendant's unlawful conduct"; and (vi) "reasonable costs and expenses incurred in this action, including attorneys' fees and expert fees." Compl. Prayer for Relief ¶¶ D-I; *see also Fritsch v. Swift Transp. Co. or Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract.").

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

TWITTER, INC.'S
NOTICE OF REMOVAL
CASE NO. 3:23-cv-01790

23. Any assessment of the total amount in controversy must also take into consideration the costs that would be associated with an order enjoining Twitter's alleged unlawful conduct. *See* Compl. Prayer for Relief ¶¶ G, H; *see, e.g.*, *Anderson v. Seaworld Parks & Entm't, Inc.*, 132 F. Supp. 3d 1156, 1164 (N.D. Cal. 2015) (including value of future ticket sales that would be lost as the result of having to modify purportedly deceptive advertising in determining amount in controversy).

24. Though the Complaint does not identify a dollar amount of damages, as noted above, Plaintiff alleges that "millions of individuals" were impacted by the conduct that forms the basis of Plaintiff's claims. Compl. ¶ 104. Because Plaintiff seeks damages and disgorgement based on alleged "wrongfully obtained" revenues and profits that Twitter earned from certain of its advertising activities over a more than six-year period, the amount in controversy easily exceeds $5,000,000. *Id.*, Prayer for Relief ¶¶ F-G; ¶ 99. Even if the putative class was on the low end of Plaintiff's estimate—two million people, *id.* ¶ 104—the alleged damages and restitution per person would need to be only $2.50 to exceed the $5 million threshold. And if, as Plaintiff alleges, the class includes over 100 million users, damages would need to be only $0.05 for each member.

### III. REMOVAL VENUE

25. This is the appropriate Court for removal because the San Francisco County Superior Court where the removed case was pending is located within this District. *See* 28 U.S.C. §§ 84(c), 1441(a), 1446(a).

### IV. COMPLIANCE WITH REMOVAL PROCEDURE

26. Plaintiff purported to effectuate service of the Complaint and Summons on Twitter by personal service to its registered service agent on March 24, 2023. Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days of service.

27. Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibits A-E are true and correct copies of the Complaint and all process, pleadings, and orders served upon Twitter:

    a. A copy of the Complaint is attached hereto as **Exhibit A.**

    b. A copy of the Summons is attached hereto as **Exhibit B**.

    c. A copy of the Civil Cover Sheet is attached hereto as **Exhibit C**.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

TWITTER, INC.'S
NOTICE OF REMOVAL
CASE NO. 3:23-cv-01790

      d.    A copy of the Notice of Related Case is attached hereto as **Exhibit D**.

      e.    A copy of the Notice to Plaintiff is attached hereto as **Exhibit E**.

      f.    A copy of the Proof of Service of Summons is attached as **Exhibit F.**

      g.    A copy of the San Francisco Superior Court docket sheet is attached as **Exhibit G**.

28. Twitter has not filed an answer or other response to the Complaint in the San Francisco County Superior Court before removal and is not aware of any pending motions filed in that court.

29. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

30. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy, along with a notice of filing of the notice of removal, is being filed with the Clerk of San Francisco County Superior Court, California.

31. Twitter reserves the right to amend or supplement this Notice of Removal. Twitter further reserves all rights and defenses, including, but not limited to, those available under the Federal Rules of Civil Procedure.

## V. JURY TRIAL DEMAND

32. Twitter demands a trial by jury of all issues so triable.

## VI. CONCLUSION

33. Twitter respectfully requests that this Court exercise jurisdiction over this action, and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the San Francisco County Superior Court, California.

Dated:  April 13, 2023

Respectfully submitted,

LATHAM & WATKINS LLP

By  */s/ Elizabeth Deeley*
Elizabeth L. Deeley (CA Bar No. 230798)
elizabeth.deeley@lw.com
Whitney B. Weber (CA Bar No. 281160)
whitney.weber@lw.com
505 Montgomery Street, Suite 2000

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

TWITTER, INC.'S
NOTICE OF REMOVAL
CASE NO. 3:23-cv-01790

| | |
|---|---|
| 1 | San Francisco, California 94111-6538 |
| 2 | Telephone: +1.415.391.0600 |
| 3 | Michele D. Johnson (CA Bar No. 198298) |
| 4 | *michele.johnson@lw.com*<br>650 Town Center Drive, 20th Floor |
| 5 | Costa Mesa, California 92626-1925<br>Telephone: +1.714.755.8113 |
| 6 | *Attorneys for X. Corp., successor in interest to named defendant Twitter, Inc.* |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

TWITTER, INC.'S
NOTICE OF REMOVAL
CASE NO. 3:23-cv-01790