Sophia M. Rios, SBN 305801
srios@bm.net
**BERGER MONTAGUE PC**
401 B Street, Suite 2000
San Diego, CA 92101
Tel. (619) 489-0300
Fax  (215) 875-4604

E. Michelle Drake*
emdrake@bm.net
**BERGER MONTAGUE PC**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Tel. (612) 594-5933
Fax  (612) 584-4470
*pro hac vice forthcoming

[Additional Counsel Listed on Signature Page]
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| HENRY YEH, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TWITTER, INC., <br><br> Defendant. | Case No.: 4:23-cv-01790-HSG <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND** <br><br> Judge:  Hon. Haywood S. Gilliam, Jr. <br> Crtrm:  2 (4th Floor) <br> Date:  August 24, 2023 <br> Time:  2:00 p.m. |

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................1

II.  ISSUES TO BE DECIDED (CIV. L.R. 7-(a)(3)) ...............................................1

III. ARGUMENT ......................................................................................................2

    A.   Twitter Has Not Carried Its Burden to Establish Article III Standing..................2

    B.   Remand is Mandatory. ........................................................................................4

    C.   Because Twitter Failed to Demonstrate Article III Jurisdiction,
        the Court May Not Rule on the Merits. ..............................................................5

    D.   CAFA Jurisdiction Is Irrelevant. .........................................................................8

    E.   Twitter's Futility Argument is Unavailing .........................................................9

IV.  CONCLUSION .................................................................................................11

## TABLE OF AUTHORITIES

Case      Page(s)

*Acevedo v. C & S Plaza Ltd. Liab. Co.*,
  No. 20-56318, 2021 WL 4938124 (9th Cir. Oct. 22, 2021) ...................................................... 7

*Atik v. Welch Foods, Inc.*,
  No. 15CV5405MKBVMS, 2016 WL 5678474 (E.D.N.Y. Sept. 30, 2016) ............................. 3

*Barbara v. New York Stock Exch.*,
  99 F.3d 49 (2d Cir. 1996) .................................................................................................... 10

*Bass v. Facebook, Inc.*,
  394 F. Supp. 3d 1024 (N.D. Cal. 2019) ................................................................................ 8

*Bates v. United Parcel Service, Inc.*,
  511 F.3d 974 (9th Cir. 2007) ................................................................................................ 5

*Bell v. City of Kellogg*,
  922 F.2d 1418 (9th Cir. 1991) .............................................................................................. 9

*Bos. Sci. Corp. v. BioCardia, Inc.*,
  524 F. Supp. 3d 914 (N.D. Cal. 2021) .............................................................................. 7, 8

*Brimer v. Amash Imports, Inc.*,
  No. C11-5291 EMC, 2012 WL 13080724 (N.D. Cal. Jan. 10, 2012) .................................. 2

*Bromwell v. Mich. Mut. Ins. Co.*,
  115 F.3d 208 (3d Cir. 1997) ............................................................................................... 10

*Coons v. Lew*,
  762 F.3d 891 (9th Cir. 2014) ................................................................................................ 5

*Coyne v. American Tobacco Co.*,
  183 F.3d 488 (July 12, 1999) ............................................................................................. 10

*Farmer v. Optio Sols., LLC*,
  No. 22-CV-00907-EMC, 2022 WL 3974261 (N.D. Cal. Aug. 31, 2022) ............................ 6

*Fent v. Okla. Water Res. Bd.*,
  235 F.3d 553 (10th Cir. 2000) ............................................................................................ 10

*Fulfillment Servs. Inc. v. United Parcel Serv., Inc.*,
  528 F.3d 614 (9th Cir. 2008) ................................................................................................ 5

*Guthrie v. Transamerica Life Insurance Company*,
  561 F. Supp. 3d 869 (N.D. Cal. 2021) .................................................................................. 9

*Hill v. Vanderbilt Cap. Advisors, LLC*,
  702 F.3d 1220 (10th Cir. 2012) ................................................................................................. 9

*Iglesias v. Welch Foods Inc.*,
  No. 17-CV-00219-TEH, 2017 WL 1227393 (N.D. Cal. Apr. 4, 2017) ............................. 2, 3, 4

*Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*,
  500 U.S. 72 (1991) ..................................................................................................................... 9

*Jackson v. California Dep't of Mental Health*,
  399 F.3d 1069 (9th Cir. 2005) .................................................................................................... 5

*Kaufman v. Marsh & McLennan Companies, Inc.*,
  No. 5:20-CV-01213-EJD, 2020 WL 7138632 (N.D. Cal. Dec. 7, 2020) .................................. 4

*Keim v. Trader Joe's Co.*,
  2020 WL 564120 (C.D. Cal. Feb. 5, 2020) ................................................................................ 1

*Lee v. American National Insurance Co.*,
  260 F.3d 997 (9th Cir. 2001) ...................................................................................................... 2

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ......................................................... 2

*Luna v. Kemira Specialty, Inc.*,
  575 F. Supp. 2d 1166 (C.D. Cal. 2008) ..................................................................................... 4

*Lycurgan, Inc. v. Jones*,
  688 F. App'x 442 (9th Cir. 2017) ............................................................................................... 7

*Martinez v. Royal Links Golf Club*,
  No. 218CV002393JADCWH, 2019 WL 13147852 n.8 (D. Nev. Feb. 25, 2019) ................... 11

*Mastel v. Miniclip SA*,
  549 F. Supp. 3d 1129 (E.D. Cal. 2021) ..................................................................................... 8

*Miller v. Lifestyle Creations, Inc.*,
  993 F.2d 883 (9th Cir. 1993) ...................................................................................................... 7

*Moore v. United Parcel Serv., Inc.*,
  No. 18-CV-07600-VC, 2019 WL 2172706 (N.D. Cal. May 13, 2019) ..................................... 9

*One Fair Wage, Inc. v. Darden Restaurants Inc.*,
  No. 21-16691, 2023 WL 2445690 (9th Cir. Mar. 10, 2023) .................................................. 5, 8

*Peskett v. Designer Brands, Inc.*,
  2020 WL 2519887 (C.D. Cal. May 18, 2020) ........................................................................... 1

*Polo v. Innoventions Int'l, LLC*,
  833 F.3d 1193 (9th Cir. 2016) ........................................................................................... 4, 8, 9

*Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*,
    74 F.3d 46 (4th Cir. 1996) .................................................................................................. 10

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574 (1999) ............................................................................................................ 5

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004) ......................................................................................... 6, 7

*Scott v. Pasadena Unified Sch. Dist.*,
    306 F.3d 646 (9th Cir. 2002) .............................................................................................. 5

*Smith v. Wis. Dep't of Agric., Trade, & Consumer Prot.*,
    23 F.3d 1134 (7th Cir. 1994) ............................................................................................ 10

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) .................................................... 5

*Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*,
    711 F.2d 138 (9th Cir. 1983) ........................................................................................... 6, 7

*Univ. of S. Ala. v. Am. Tobacco Co.*,
    168 F.3d 405 (11th Cir. 1999) .......................................................................................... 10

*User Profile Litig.*,
    402 F. Supp. 3d 767 (N.D. Cal. 2019) ............................................................................ 7, 8

*Varga v. Wells Fargo Bank, N.A.*,
    796 F. App'x 430 (9th Cir. 2020) ........................................................................................ 8

*Walker v. The Kroger Co.*,
    No. 22-CV-00261-JST, 2022 WL 20208929 (N.D. Cal. June 21, 2022) ................. 9, 10, 11

*Waste Action Project v. Fruhling Sand & Topsoil Inc.*,
    737 F. App'x 344 (9th Cir. 2018) ........................................................................................ 7

*Williamson v. Genentech, Inc.*,
    No. 19-cv-01840-JSC, 2020 WL 1281532 (N.D. Cal. Mar. 18, 2020) .............................. 11

*Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold
    & Easement in the Cloverly Subterranean, Geological Formation*,
    524 F.3d 1090 (9th Cir. 2008) ..................................................................................... 6, 7, 8

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

In its Opposition to Plaintiff's Motion to Remand (ECF No. 36) ("Opposition" or "Opp."), Defendant Twitter, Inc. ("Twitter") does not carry its burden to affirmatively establish that this Court has jurisdiction over this matter, including the issue of whether Plaintiff has Article III standing. Instead, Twitter plays language games, arguing that the question of standing here is somehow "intertwined" with the merits, and that the Court can render a decision on the merits because jurisdiction is involved. Twitter also improperly inserts *statutory* CAFA jurisdiction into its constitutional analysis, hoping to convince the Court that CAFA (a statute) somehow expanded this Court's jurisdiction outside the *constitutional* boundaries set by Article III. Twitter's position is misguided on all fronts. The analysis here is simple.

The removing party must affirmatively establish federal constitutional jurisdiction under Article III and if the removing party does not do so, the case must be remanded. *See Keim v. Trader Joe's Co.*, 2020 WL 564120, at *3 (C.D. Cal. Feb. 5, 2020) ("The Ninth Circuit was clear in *Polo*: 'a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c). This result makes sense because once the Court determines that it lacks Article III standing, any ruling on the merits would move the Court beyond its constitutional reach. Since the California Constitution does not contain a 'case or controversy' requirement like the one in the Federal Constitution, Plaintiff may fare better in state court."); *see also Peskett v. Designer Brands, Inc.*, 2020 WL 2519887 at *3 (C.D. Cal. May 18, 2020) (any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court). Twitter argued in *Price, et al. v. Twitter, Inc.*, No. 22-cv-03173 ("*Price*") that Plaintiff lacks Article III standing, and the Court agreed. Plaintiff acknowledged that ruling and refiled his claim in state court. Twitter may be unhappy with proceeding in state court but must not be allowed to return to this Court in contravention of a ruling it previously sought.

### II.    ISSUES TO BE DECIDED (CIV. L.R. 7-(a)(3))

Whether this action was improperly removed by Defendant to federal court and should be remanded to California state court due to Defendant's failure to fulfill its burden, as the removing

party, of demonstrating that this Court has jurisdiction to adjudicate Plaintiff's claims, particularly under Article III.

## III. ARGUMENT

### A. Twitter Has Not Carried Its Burden to Establish Article III Standing.

It is axiomatic that "[a]bsent Article III standing, an action could not have been brought in federal court. Thus, if there is no Article III standing, removal is inappropriate. As with removability generally, **the burden of proving that plaintiff has Article III standing is with the removing defendants**." *Brimer v. Amash Imports, Inc.*, No. C11-5291 EMC, 2012 WL 13080724, at *2 (N.D. Cal. Jan. 10, 2012) (emphasis added) (quoting *Lee v. American National Insurance Co.*, 260 F.3d 997, 1001-002 (9th Cir. 2001)); *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992)). Nowhere in its Opposition does Twitter do what it must to satisfy its obligation as the removing party: affirmatively state that Plaintiff has standing under Article III. *Id*.

Rather than satisfy its burden of affirmatively demonstrating this Court has jurisdiction, Twitter merely argues that "inquires" regarding jurisdiction are "intertwined" with merits inquiries such that this Court should assess Plaintiff's claims on the merits rather than on jurisdiction. Opp. at 7 ("jurisdictional and merits inquiries are intertwined"). As such, Twitter does not even attempt to establish that Article III is satisfied, which necessarily fails to fulfill its burden, as the removing party, to affirmatively assert that jurisdiction exists. *See Iglesias v. Welch Foods Inc.*, No. 17-CV-00219-TEH, 2017 WL 1227393, at *3 (N.D. Cal. Apr. 4, 2017) ("Although Defendants appeared to agree during oral arguments to not seek dismissal of Plaintiff's claims based on a lack of Article III standing, federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Here, where Defendants' prior standing arguments in [the first case] leave doubt as to whether Plaintiff has Article III standing, Defendants cannot avoid the strong presumption against remand by agreeing to not seek dismissal for lack of standing.").

To the contrary, not only does Twitter fail to affirmatively assert Article III jurisdiction, but Twitter also argues against it by pointing out in its Opposition that this District Court already

held that the same claims and allegations advanced by Plaintiff here were insufficient to establish Article III standing. *See, e.g.*, Opp. at 3 ("Magistrate Judge Kim dismissed the original *Price* Complaint …. she rejected Plaintiff's argument that a legal injury alone could suffice for standing [under Article III]."). Twitter then explicitly categorizes this case is "a follow-on" to *Price,* describing this case as one that "rais[es] substantially similar allegations." Opp. at 2.  Thus, in direct contradiction of its duty to establish this Court's jurisdiction, Twitter stubbornly persists in arguing that this Court lacks jurisdiction over the same claims and allegations brought by Plaintiff here.

Courts do not countenance Twitter's strategy. In *Iglesias v. Welch Foods*, this District was confronted with a nearly identical fact pattern. 2017 WL 1227393, at *2. Like here, prior to filing the *Iglesias* action, the plaintiff's counsel in *Iglesias* "filed a putative class action against the very same [d]efendants" (*id.*) in federal court, and like Twitter did in *Price*,[1] the defendants filed a motion to dismiss arguing that the plaintiffs' allegations failed to satisfy Article III. *See Atik v. Welch Foods, Inc.*, No. 15CV5405MKBVMS, 2016 WL 5678474, at *4 (E.D.N.Y. Sept. 30, 2016) ("Plaintiffs do not have Article III standing to assert claims against [d]efendants … because [p]laintiffs have not suffered injury."). As this District did in *Price*, the court granted the motion to dismiss and held that the plaintiffs failed to establish Article III standing. *See id*. at *6. Like here, the same plaintiffs' counsel in the first case against Welch Foods then filed a second "class action against the very same [d]efendants" in California state court alleging the same claims as they did in the first case (including violation of the UCL), the defendants removed to this District Court based on CAFA jurisdiction (like Twitter did here), and the plaintiff filed a motion for remand. *Iglesias*, 2017 WL 1227393, at *1-2.

This District held that the foregoing facts deemed "it appropriate to remand the case to state court." *Id.* at *3. As Judge Henderson explained, he based his holding on the same fact

---

[1] *See* Opp. at 3 ("In its motion to dismiss the *Price* Complaint, Twitter argued … Plaintiff Price failed to allege that she suffered an injury … and the Complaint should be dismissed under … Rule 12(b)(1).").

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND                                              3
Case No.: 4:23-CV-01790-HSG

1  pattern present here—i.e., where Twitter argued in *Price* that the plaintiffs failed to satisfy Article
2  III, but then argues here that remand is improper:

> The plaintiffs in [the first case], like the [p]laintiff here, alleged that [d]efendants violated … the UCL …. In that case, Defendants sought to dismiss plaintiffs' claim … arguing that plaintiffs lacked Article III standing …. In contrast to their position in [the first case], here [in the subsequent state court case], [d]efendants are seeking to remove this case to federal court. But, as Defendants acknowledged in their Motion to Dismiss in the [first] case, **a plaintiff must have Article III standing for a federal court to have jurisdiction over a case** …. Here, where [d]efendants have previously argued [in the first case] plaintiffs had no Article III standing …, it is clearly inconsistent for [d]efendants to now seek removal of Plaintiff's [same] claims.

*Id*. at *2-3. Further, Judge Henderson aptly explained how denying remand here would allow Twitter to "forum shop" federal over state court, which would provide it with an unfair advantage:

> the Court finds that allowing the Defendants to put forth their clearly inconsistent position here would permit them to forum shop which constitutes an "unfair advantage" …. allowing the Defendants to remove the case to federal court would allow them to seek an outright dismissal … for lack of Article III standing or for the Court to dismiss the case sua sponte for the same reason rather than litigating the claim on the merits …. [which] would create an unfair advantage.

*Id*. at *3. This same rationale applies here: Twitter would gain an unfair advantage and would be permitted to forum shop if this Court allows Twitter to put forth its clearly inconsistent position. Because the chain of events in *Iglesias* is present here, the same result should follow: this case should be remanded.

### B.  Remand is Mandatory.

Remand is mandatory when the removing party fails to meet its burden of establishing jurisdiction. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). In such circumstances, "[r]emand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter." *Id.* Further, "[i]f there is any doubt regarding the existence of federal jurisdiction, the court must resolve those doubts in favor of remanding the action to state court." *Luna v. Kemira Specialty, Inc.*, 575 F. Supp. 2d 1166, 1172 (C.D. Cal. 2008) (quotation omitted); *accord Kaufman v. Marsh & McLennan Companies, Inc.*, No. 5:20-CV-01213-EJD, 2020 WL 7138632, at *2 (N.D. Cal. Dec. 7, 2020) ("The 'strong presumption' against removal jurisdiction means that the court

'resolves all ambiguity in favor of remand to state court.'"). Under either scenario the result is the same: remand is the appropriate procedure.

### C. Because Twitter Failed to Demonstrate Article III Jurisdiction, the Court May Not Rule on the Merits.

Twitter argues that "jurisdiction and merits are intertwined" such that this Court should deny remand so that it can subsequently dismiss Plaintiff's claims "on the merits" under Rule 12(b)(6) instead of on jurisdictional grounds under 12(b)(1). Opp. at 7-9. But caselaw is legion—from this District, the Ninth Circuit, and the Supreme Court—that "federal courts **cannot proceed to the merits** without first assuring themselves of their Article III jurisdiction. Article III jurisdiction is **always** an antecedent question." *One Fair Wage, Inc. v. Darden Restaurants Inc.*, No. 21-16691, 2023 WL 2445690, at *2 (9th Cir. Mar. 10, 2023); *see also, e.g.*, *Coons v. Lew*, 762 F.3d 891, 897 (9th Cir. 2014), *as amended* (Sept. 2, 2014) (holding that if Article III is not satisfied, the court "lack[s] jurisdiction to reach the merits of a dispute"); *Jackson v. California Dep't of Mental Health*, 399 F.3d 1069, 1071 (9th Cir. 2005), *opinion amended on reh'g sub nom. Jackson v. CA Dep't of Mental Health*, 417 F.3d 1029 (9th Cir. 2005) ("Before we may consider the merits … we must decide whether it presents a case or controversy under Article III of the Constitution."); *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 653–54 (9th Cir. 2002) (assessing Article III standing and holding, "[w]e must establish jurisdiction before proceeding to the merits of the case") *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (*en banc*) ("Standing is a threshold matter central to our subject matter jurisdiction. We must assure ourselves that the constitutional standing requirements are satisfied before proceeding to the merits."); *Fulfillment Servs. Inc. v. United Parcel Serv., Inc.*, 528 F.3d 614, 618 (9th Cir. 2008) (same); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 84, 118 S. Ct. 1003, 1007, 140 L. Ed. 2d 210 (1998) ("This Court declines to endorse the 'doctrine of hypothetical jurisdiction,' under which several Courts of Appeals have found it proper to proceed immediately to the merits question, despite jurisdictional objections …. That doctrine carries the

courts beyond the bounds of authorized judicial action and thus offends fundamental separation-of-powers principles. In a long and venerable line of cases, this Court has held that, without proper jurisdiction, a court cannot proceed at all ...."); *Farmer v. Optio Sols., LLC*, No. 22-CV-00907-EMC, 2022 WL 3974261, at *2 (N.D. Cal. Aug. 31, 2022) ("A court may not decide the merits of the case without subject matter jurisdiction which requires the plaintiff have Article III standing.").

In the face of this mountain of countervailing authority, Twitter cites three cases that it erroneously claims definitively mandate that any time "jurisdiction and the merits are intertwined, dismissal should be under Rule 12(b)(6) for failure to state a claim, rather than for lack of jurisdiction." Opp. at 7. But Twitter conveniently omits that the cases it cites explicitly state (or *quote* cases stating) that the "intertwined" principle applies *only* "when a party's right to recovery rests upon the interpretation of **a federal statute that provides both the basis for the court's subject matter jurisdiction** and the plaintiff's claim for relief"—i.e., when federal question jurisdiction is the sole basis for jurisdiction and is in dispute (i.e., "intertwined") with merits. *See, e.g., Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean, Geological Formation*, 524 F.3d 1090, 1094 (9th Cir. 2008) (cited in Twitter's Opposition at 7 for the misleadingly incomplete proposition: "The Ninth Circuit has held that where jurisdiction and the merits are intertwined, dismissal should be under Rule 12(b)(6) for failure to state a claim, rather than for lack of jurisdiction.")). Indeed, the case Twitter references for the intertwined principle—*Williston*—cites multiple Ninth Circuit cases that *uniformly explain* that the "intertwined" principle applies *only* when a federal statute provides the basis for the court's jurisdiction. *See Williston*, 524 F.3d at 1094 (citing: (1) *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) which explained: "The question of jurisdiction and the merits of an action are intertwined **where a statute provides the basis for both the subject matter jurisdiction** of the federal court and the plaintiff's substantive claim for relief"; and (2) *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir. 1983) which explained: "the question of jurisdiction and the merits of an action will be considered intertwined where, as here, **a statute provides the basis for both the subject matter jurisdiction** of the

federal court and the plaintiff's substantive claim for relief.").[2] Thus, Twitter is well aware—but omitted—that it is well settled in the Ninth Circuit that the "intertwined" principle it cites is limited to circumstances where jurisdiction rises or falls, exclusively, on a federal statute, which is not at all present here. *See, e.g.*, *Waste Action Project v. Fruhling Sand & Topsoil Inc.*, 737 F. App'x 344 (9th Cir. 2018) ("The question of jurisdiction and the merits of an action **are intertwined where a statute provides the basis for both the subject matter jurisdiction** of the federal court and the plaintiff's substantive claim for relief."); *Acevedo v. C & S Plaza Ltd. Liab. Co.*, No. 20-56318, 2021 WL 4938124, at *2 (9th Cir. Oct. 22, 2021) (same); *Lycurgan, Inc. v. Jones*, 688 F. App'x 442, 443–44 (9th Cir. 2017) (same); *Miller v. Lifestyle Creations, Inc.*, 993 F.2d 883 (9th Cir. 1993) (same); *Meyer*, 373 F.3d at 1039 (same); *Sun Valley Gasoline, Inc.*, 711 F.2d at 139 (same).

The distinction Twitter omitted is a key one and outcome-determinative here. The foregoing Ninth Circuit cases involved situations where the plaintiffs alleged federal statutory claims that were the sole basis for the court's jurisdiction (i.e., federal question jurisdiction); thus, if the plaintiffs unsuccessfully alleged claims under those statutes (i.e., the 12(b)(6) merits inquiry), it followed that the court also lacked jurisdiction (i.e., the 12(b)(1) inquiry), such that it was appropriate to assess the two together (i.e., "intertwined"). In stark contrast here, the jurisdiction inquiries do not arise under a federal statute, but instead under Article III such that the question of jurisdiction is one of standing that has nothing to do with the merits of Plaintiff's

---

[2] Twitter also cites *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 788 (N.D. Cal. 2019) for the "intertwined" principle, but that case quotes *Williston*, which as explained above clearly held that it only applies in federal question cases. Opp. at 7. Likewise, *Facebook* also cites to *Safe Air for Everyone v. Meyer* which, like *Williston*, clearly holds that the "intertwined" principle only applies in federal question cases: "The question of jurisdiction and the merits of an action are intertwined w**here a statute provides the basis for both the subject matter jurisdiction** of the federal court and the plaintiff's substantive claim for relief." 373 F.3d at 1039. The final case Twitter cites is *Boston Scientific* (Opp. at 7), but in that case the court concluded that the plaintiff satisfied Article III and was assessing prudential standing when it quoted the "intertwined" principle. *Bos. Sci. Corp. v. BioCardia, Inc.*, 524 F. Supp. 3d 914, 918 (N.D. Cal. 2021) ("[plaintiff] has Article IIII standing …. **questions of prudential standing** should generally be considered questions about the ability of a plaintiff to state a claim, not questions about jurisdiction …."). Therefore, *Boston Scientific* is also inapposite and does not support Twitter's position.

claims. Instead, this case is governed by the bedrock principles cited above that "federal courts **cannot proceed to the merits** without first assuring themselves of their Article III jurisdiction. Article III jurisdiction is **always** an antecedent question." *Darden Restaurants Inc.*, 2023 WL 2445690, at *2.

Furthermore, although Twitter cites those cases to support its argument that remand should be denied, tellingly not a single one of them involves a motion for remand, let alone one where a court previously held that it lacked jurisdiction for want of Article III standing.[3] Instead, every case Twitter cites involved a motion to dismiss or for summary judgment (or an appeal from a ruling on same). Thus, the cases Twitter cites are distinguishable from cases like this one and *Iglesias* and are unpersuasive. This Court remains bound by the well-established principle that it may not rule on the merits unless or until the removing party has established its constitutional jurisdiction under Article III.  Twitter's "intertwined" argument must be rejected.

**D.    CAFA Jurisdiction Is Irrelevant.**

Because Twitter cannot undo its role in bringing about the ruling in *Price*, it instead attempts to obfuscate this dispute by pretending that CAFA jurisdiction can somehow obviate the constitutional requirement for subject matter jurisdiction. Opp. at 6-7. In doing so, Twitter emphasizes the number of class members in the proposed class, the existence of minimal diversity, and the amount in controversy (Opp. at 5), but none of those factors has anything to do with the "threshold jurisdictional question" of *constitutional* Article III standing. The Ninth Circuit has been crystal clear that CAFA (a statute) cannot create Article III jurisdiction under the United States Constitution. "The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case." *Polo*, 833 F.3d at 1196. For that reason,

---

[3] Specifically, Twitter cites all of the following cases, none of which involve a motion for remand: *Varga v. Wells Fargo Bank, N.A.*, 796 F. App'x 430, 431 (9th Cir. 2020); *Williston*, 524 F.3d at 1094; *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1144-45 (E.D. Cal. 2021); *Bos. Sci. Corp. v. BioCardia, Inc.*, 524 F. Supp. 3d 914, 918 (N.D. Cal. 2021); *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d at 788; *Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024, 1040 (N.D. Cal. 2019).

courts in this District consistently remand in spite of CAFA jurisdiction. *See, e.g.*, *Walker v. The Kroger Co.*, No. 22-CV-00261-JST, 2022 WL 20208929, at *3 (N.D. Cal. June 21, 2022) (granting remand despite having CAFA jurisdiction); *Guthrie v. Transamerica Life Insurance Company*, 561 F. Supp. 3d 869, 880 (N.D. Cal. 2021) (same); *Moore v. United Parcel Serv., Inc.*, No. 18-CV-07600-VC, 2019 WL 2172706, at *2 (N.D. Cal. May 13, 2019) (same). Therefore, Twitter's CAFA jurisdiction arguments are irrelevant and unavailing.

### E. Twitter's Futility Argument is Unavailing

In yet another effort to goad this Court into ruling on the merits, Twitter improperly urges the Court to rule upon Plaintiff's remand motion by entering a premature motion to dismiss ruling finding that Plaintiff's injury and damages allegations are insufficient to state claims for relief such that "[r]emand to state court would therefore be futile because Plaintiff cannot state core elements of his claims, and it is certain the case would be dismissed in state court." Opp. at 10.

Due to its obvious tension with the general principle that federal courts may not adjudicate the merits of a dispute when constitutional jurisdiction is lacking, the viability of the futility doctrine is questionable, at best. In *Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*, the Supreme Court declined to apply the doctrine stating that it did so in part because it took "note … of the literal words of § 1447(c), which, on their face, give ... no discretion to dismiss rather than remand an action. The statute declares that, where subject matter jurisdiction is lacking, the removed case '*shall* be remanded.'" 500 U.S. 72, 89, (1991) (cleaned up). The Ninth Circuit has likewise explicitly called into question its viability. Specifically, in *Polo v. Innoventions International*, the Ninth Circuit noted that its previous decision endorsing the futility doctrine, *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991), may no longer be controlling law. 833 F.3d at 1198. Because no party in *Polo* had explicitly so argued, however, the Ninth Circuit declined to hold *Bell* was no longer controlling *sua sponte* but did note that a "number of other circuits have expressly rejected the futility doctrine." *Id.* To be clear, Plaintiff here explicitly argues that *Bell* is no longer good law. Plaintiff is joined in this view by the Third, Fourth, Seventh, Tenth, and Eleventh Circuits, all of which have concluded that remand is mandatory. *See Hill v. Vanderbilt Cap. Advisors, LLC*, 702 F.3d 1220, 1226 (10th Cir. 2012);

*Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557–58 (10th Cir. 2000); *Coyne v. American Tobacco Co.*, 183 F.3d 488, 496 (July 12, 1999); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 214 (3d Cir. 1997); *Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 48–49 (4th Cir. 1996); *Smith v. Wis. Dep't of Agric., Trade, & Consumer Prot.*, 23 F.3d 1134, 1140 (7th Cir. 1994); *see also Barbara v. New York Stock Exch.*, 99 F.3d 49, 56 n.4 (2d Cir. 1996) (noting but declining to decide the issue).

Notwithstanding the fact that the Ninth Circuit appears poised to explicitly—and correctly—reject the futility doctrine, even if this Court were to give credence to the doctrine and seek to apply it, Twitter has failed to satisfy its stringent requirements. "The Ninth Circuit has also explained that, even under [the futility doctrine], only when the eventual outcome of a case after remand is so clear as to be foreordained, have we held that a district court *may* dismiss it." *Kroger*, 2022 WL 20208929, at *2 (italics in original). Thus, for the futility doctrine to apply, Twitter must satisfy a lofty burden of showing that the dismissal of Plaintiff's claims after remand "is so clear as to be foreordained," and even in that instance, this Court is not required to dismiss Plaintiff's claims, but merely has discretion to do so. *Id.* Twitter fails to meet that burden.

Twitter's sole basis for arguing that Plaintiff's claims will fail if remanded is that all four of them (including three common law claims governed by simple notice pleading standards) will be dismissed by the state court for failing to adequately allege injury and damages. *See* Opp. at 10. In support, Twitter provides nothing more than conclusory claims that "Plaintiff fails to allege any cognizable injury in fact, … the nature of the parties' bargain and the 'resulting damage' and economic injury elements of Plaintiff's claims." *Id*. These conclusory statements wholly fail to meet the heightened standard of showing that the likelihood of dismissal of Plaintiff's claims in state court is so clear as to be foreordained, especially given Plaintiff's additional allegations not previously considered by the Court in *Price*.

This Court should recognize Twitter's arguments for what they are—insufficient arguments under Rule 12(b) disguised in the clothes of a "futility" argument that is already so weak numerous Circuit Courts have explicitly rejected it. In analogous circumstances where the removing defendant argued as Twitter does here that "remand would be futile [because] lack of

Article III standing also means that [plaintiff] lacks statutory standing to pursue her claims in state court," this District rejected the argument and granted remand, reasoning as follows:

> Because [defendant] has not met its burden of demonstrating that this Court has subject matter jurisdiction, the Court will remand this case. The Court leaves the question of whether Plaintiff has statutory standing for the state court on remand should [plaintiff] decide to pursue [her claims]. Likewise, if the state court decides that [plaintiff] has not adequately alleged statutory standing, whether she should be granted leave to amend in light of the positions she has taken before this Court is also a question for that court to decide.

*Kroger*, 2022 WL 20208929, at *2; *see also Williamson v. Genentech, Inc.*, No. 19-cv-01840-JSC, 2020 WL 1281532, at *6 (N.D. Cal. Mar. 18, 2020) (granting remand to "leave[] open the question of whether [p]laintiff has statutory standing under the UCL for the state court on remand" even when finding Plaintiff lacked Article III standing); *Martinez v. Royal Links Golf Club*, No. 218CV002393JADCWH, 2019 WL 13147852, at *1 n.8 (D. Nev. Feb. 25, 2019) ("I do not determine whether plaintiff can establish that he suffered an injury in fact; I merely hold that the defendant has failed to meet its burden to show that federal jurisdiction exists. And because I cannot find that I have jurisdiction, I do not reach the defendants' remaining dismissal arguments."). Thus, the futility doctrine does not warrant a denial of remand.

**IV.   CONCLUSION**

For all the foregoing reasons, this matter should be remanded to San Francisco County Superior Court.

Dated: June 30, 2023                       Respectfully submitted,

By: /s/ Sophia M. Rios

Sophia M. Rios, SBN 305801
BERGER MONTAGUE PC
401 B Street, Suite 2000
San Diego, CA 92101
Tel. (619) 489-0300
Fax  (215) 875-4604
srios@bm.net

E. Michelle Drake*
BERGER MONTAGUE PC
1229 Tyler Street NE, Suite 205

Minneapolis, MN 55413
Tel. (612) 594-5933
Fax  (612) 584-4470
emdrake@bm.net

Mark B. DeSanto*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
mdesanto@bm.net

John A. Yanchunis*
Jean Sutton Martin*
Patrick Barthle*
MORGAN & MORGAN COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 559-4908
Facsimile: (813) 222-4795
jyanchunis@ForThePeople.com
jeanmartin@ForThePeople.com
pbarthle@ForThePeople.com

Michael F. Ram (SBN 104805)
MORGAN & MORGAN COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923
mram@ForThePeople.com

Kate M. Baxter-Kauf, MN # 0392037*
Karen Hanson Riebel, MN # 219770*
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
kmbaxter-kauf@locklaw.com
khriebel@locklaw.com

John J. Nelson (SBN 317598)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
280 S. Beverly Drive
Beverly Hills, CA 90212

Telephone: (917) 471-1894
Fax: (865) 522-0049
jnelson@milberg.com

Gary M. Klinger*
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
Fax: (865) 522-0049
gklinger@milberg.com

*Admitted pro hac vice or forthcoming*

*Attorneys for Plaintiff*